IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 12-00164-KD |
| | ) |
| ROBIN LEE HERNANDEZ, | ) |
| Defendant. | ) |

**ORDER FOR HOSPITALIZATION AND TREATMENT**
**OF DEFENDANT PURSUANT TO 18 U.S.C. § 4241(d)**

Upon Robin Lee Hernandez' return to this district, this action came before the Court on for a competency hearing pursuant to 18 U.S.C. § 4247(d). Defendant Robin Hernandez, defense counsel John Beck, and Assistant United States Attorney Michele O'Brien were present at the hearing. Dr. Lisa Feldman of the Federal Bureau of Prisons testified by way of video. The hearing was continued until February 19, 2013, in order for additional evidence to be presented to the Court. Hernandez filed a motion to submit an additional psychological report. He also stated that he would present no other additional evidence or argument and consented to submission of this matter without further hearing. The motion was granted and the report was submitted. The hearing was cancelled and the Court took the matter under submission.

Initially, the Magistrate Judge considered the Forensic Evaluation Report prepared by Doug McKeown, Ph.D. Dr. McKeown found that Hernandez generally comprehended the legal system but was limited in his ability to relate to defense counsel and adequately assist in his defense due to the symptoms of his untreated mental illness. Dr. McKeown deferred any opinion as to Hernandez' mental state at the time of the offense. The Magistrate Judge then committed Hernandez to the custody of the Bureau of Prisons for a psychiatric evaluation.

The Court and the parties received a copy of the Forensic Report from the Federal

Detention Center in Miami, Florida, which details the results of Hernandez' psychological examination and evaluation conducted at the Center by Dr. Feldman. (Doc. 22) Following testing and evaluation, Dr. Feldman found that Hernandez suffers from a mental disorder which severely impairs his rational understanding of the legal proceedings against him and which interferes with his ability to assist in his defense. Dr. Feldman recommended that Hernandez undergo competency restoration treatment at a medical facility. Dr. Feldman also found that at the time of the offense, Hernandez' symptoms of mental illness precluded his ability to appreciate, the nature, quality, and wrongfulness of his action. Dr. Feldman recommended that Hernandez be found insane at the time of the alleged offense. Dr. Feldman's testimony at the hearing reflected her opinions in the Forensic report.

After the hearing, Hernandez was examined by Dr. Thomas S. Bennett, Ph.D. Hernandez submitted Dr. Bennett's psychological report wherein he found that Hernandez was in need of ongoing mental health treatment and that it was possible he would be restored to competency to stand trial but the offense may be attributable to his mental disorder at that time.

The Forensic Reports and Dr. Feldman's testimony are the only evidence offered by the parties as to Hernandez' competency. Upon consideration of all matters presented, including the opinions of the medical examiners contained in the Forensic Reports and the hearing testimony, the Court finds by a preponderance of the evidence that Hernandez is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

Accordingly, pursuant to 18 U.S.C. § 4241(d)(1), Hernandez is hereby committed to the custody of the Attorney General who shall hospitalize him for treatment in a suitable facility "(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to forward; permit the proceedings to go forward[.]" If additional time

is necessary, the Attorney General, the United States or Hernandez may request an extension under § 4241(d)(2) which provides for "an additional reasonable period of time until-- (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier." *Id*.

When the Director of the facility in which Hernandez is hospitalized pursuant to this order determines that he has recovered to such an extent that he is able to assist properly in his defense, the Director shall promptly file a certificate to that affect with the Clerk of this Court. 18 U.S.C. § 4241(e). The Clerk shall send a copy of the certificate to Hernandez' defense counsel and to the attorney for the United States. Thereafter, this Court will schedule a hearing pursuant to the provisions of 18 U.S.C. § 4247(d) to determine the competency of Hernandez. If, after the hearing, the Court finds by a preponderance of the evidence that Hernandez has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Court will order Hernandez transferred from the facility in which he is hospitalized and will set this action for trial or other disposition.

The United States Marshal is **ORDERED** to **expedite** Hernandez' transfer to the medical facility and to notify the Clerk of Court immediately upon his return to the Southern District of Alabama.

DONE and ORDERED this 21st day of February, 2013.

                                              s / Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE